# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. NITSCH, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>DREAMWORKS ANIMATION SKG INC., et al.,<br><br>  Defendants. | Case No. 14-CV-04062-LHK<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 388 |

WHEREAS plaintiffs, on behalf of themselves and of the certified litigation class (the "Class"), and two groups of defendants – first, DreamWorks Animation SKG, Inc. ("Dreamworks"), and second, The Walt Disney Company, Pixar, Lucasfilm Ltd., LLC, and Two Pic MC LLC (the "Disney Defendants") – have independently agreed, subject to Court approval following notice to the Class and a hearing, to settle the above-captioned matter ("Action") upon the terms set forth in two Settlement Agreements (the "DreamWorks Agreement" and the "Disney Agreement," respectively);

WHEREAS, this Court has reviewed and considered the Settlement Agreements entered into among the parties, together with all exhibits thereto, the record in this case, and the briefs and arguments of counsel;

WHEREAS, plaintiffs have applied for an order entering final judgment and granting final approval of the Settlement Agreements;

WHEREAS, this Court has already found that the Class meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

NOW, THEREFORE, IT IS HEREBY ORDERED:

## I.     DEFINITIONS

1.     Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreements.

## II.     JURISDICTION

2.     The Court has jurisdiction over this Action (and all actions and proceedings consolidated in the Action), Plaintiffs, Class Members, DreamWorks, the Disney Defendants, and any party to any agreement that is part of or related to the Settlement Agreements. Plaintiffs have brought claims against DreamWorks and the Disney Defendants pursuant to 15 U.S.C. § 1, California Business and Professions Code § 16720, and California Business and Professions Code §§ 17200 *et seq.*  Jurisdiction lies in this Court pursuant to 15 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1337.

## III.     APPLICABILITY

3.     This Final Judgment shall apply to DreamWorks, the Disney Defendants, Plaintiffs, and Class members who did not file with the Court valid and timely requests for exclusion from the Settlement Agreements.

## IV.     SETTLEMENT AGREEMENT APPROVAL

4.     Federal Rule of Civil Procedure 23(e)(2) requires the Court to determine whether the proposed settlements are "fair, reasonable, and adequate." The Ninth Circuit has set forth factors which may be considered in evaluating the fairness of a class action settlement:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice v. Civil Serv. Comm'n of the City and Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). The importance of any one of these factors "will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Id.*

5.   In making its determination, the Court overrules the objections of Charles Williams and Alice Goldstone. ECF No. 386. Although Mr. Williams and Ms. Goldstone withdrew their objections on June 2, 2017, ECF No. 399, the Court nevertheless considers the objections for the sake of completeness. Mr. Williams and Ms. Goldstone are not class members, and accordingly have no standing to object. *See In re TracFone Unlimited Serv. Plan Litig.*, No. C-13-3440, 2015 WL 4735521 (N.D. Cal. Aug. 10, 2015) (holding that non-class members have no standing to object); *see also In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir.1994) (same); *San Francisco NAACP v. San Francisco Unified School Dist.*, 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) (noting that "nonclass members have no standing to object to the settlement of a class action," and striking objections filed by non-class members) (citation omitted). Indeed, Mr. Williams and Ms. Goldstone appear to recognize that they are not bound by the settlement in the instant case because Mr. Williams and Ms. Goldstone have filed in the Central District of California their own lawsuit alleging that they were affected by the same anti-competitive conspiracy at issue in the instant case. *See Williams, et al. v. The Walt Disney Company, et al.*, Case No. 2:17-CV-3042 (C.D. Cal. Apr. 21, 2017).

Senior executives were excluded from the class since the inception of the case. The original complaint's class definition explicitly excluded senior executives. *See* ECF No. 1 ("Excluded from the Class are officers, directors, senior executives and personnel in the human

resources and recruiting departments of the Defendants."). Mr. Williams and Ms. Goldstone concede that they are executives, but dispute that they are "senior" executives. *See* ECF No. 391, at 7 ("'Executives' are not 'senior executives' and only 'senior executives' are excluded from the class."). This dispute should be resolved in Mr. Williams and Ms. Goldstone's case in the Central District of California.

Regardless of whether Mr. Williams and Ms. Goldstone are "senior executives," Plaintiffs' February 1, 2017 motion for class certification made clear that the putative class did not include Disney Producers. ECF No. 203 (defining class as employees "who held any of the jobs listed in Ashenfelter Report Appendix C" during the class period); ECF No. 210 ("Ashenfelter Report") (not including Producer job at Disney). The Court granted certification of this class, which did not include Disney Producers, on May 25, 2016. ECF No. 289. After class certification, the Class Notice was posted on the website in June 2016, and this Class Notice did not include Disney Producers as members of the class. At the May 18, 2017 final approval hearing, counsel for Mr. Williams and Ms. Goldstone, Joshua Furman, stated that Mr. Williams reviewed the Class Notice and called class counsel in August 2016 to assert that Disney Producers should be included in the class. However, Mr. Williams did not receive a response from class counsel until early 2017. Nevertheless, in Mr. Williams and Ms. Goldstone's lawsuit in the Central District of California, the complaint alleges that "on March 2, 2017," based on the notice of settlement approved by the Court, "Plaintiffs learned for the first time . . . that employees of [Disney] with the title of 'Producer' were excluded from the settlement." *See Williams, et al. v. The Walt Disney Company, et al.*, Case No. 2:17-CV-3042, ECF No. 1, at ¶ 51.

In addition, and contrary to Mr. Williams and Ms. Goldstone's objections, the attorney's fees request and the class administration and notice costs have already been disclosed, including the total projected costs.

6. The Court also overrules the objections of Christian Haley. Contrary to Mr. Haley's contention, class members have received a substantial portion of actual damages from the Settlement Agreements. Although Class Members will not receive 100% of their estimated

4

damages in the settlement, Mr. Haley's objection fails to take into account the risks, delays, and expenses of proceeding to trial. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Linney v. Cellular Alaska P'ship,* 151 F.3d 1234, 1242 (9th Cir.1998) (quoting *Officers for Justice,* 688 F.2d at 624) (affirming settlement approval). Moreover, contrary to Mr. Haley's contention, the defendants will not make final determinations on payments to class members. Instead, the class administrator will make final determinations on payments to class members. Although class members do not know precisely how much they will be paid until after final approval, this is typical, and there is no requirement that class members be informed on exactly the amount of compensation they are to receive. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509, 2015 WL 5159441, at *2-*3 (N.D. Cal. Sept. 2, 2015) (finally approving notice and distribution plan to similar to notice and distribution plan in the instant case). Indeed, class counsel could not know the exact amount that would be distributed to class members at the time that the class notice was sent. This is because the exact amount distributed to class members depends on the attorney's fees and other costs, which the Court grants only at the time of Final Approval, after notice is sent to class members.

7. The Court overrules the objection of Jordan Sorensen. Mr. Sorensen's main objection – that his name was used to further a cause that he does not believe in – is not accurate. His name was not used in any phase of this litigation until he filed his objection. Additionally, Mr. Sorensen does not believe that the Defendants did anything wrong. Therefore, Mr. Sorensen's objections are adverse to the interests of the Class, and his objections are therefore overruled.

8. Overall, the Court finds the Settlement Agreements are fair, adequate, and reasonable in light of the relevant factors. The first factor, the strength of the Plaintiffs' case, supports final approval. As this Court has previously held, legal uncertainty favors approval of a settlement. *See, e.g., Browning v. Yahoo! Inc.,* No. C04-01463, 2007 WL4105971, at *10 (N.D. Cal. Nov. 16, 2007) ("[L]egal uncertainties at the time of settlement-particularly those which go to fundamental legal issues-favor approval." This Court has been "exposed to the litigants and their strategies, positions and proof," *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1988)

1  (quotation marks and citation omitted), and finds that the judicial policy favoring the compromise and settlement of class action suits is applicable here. *See Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992). The Court is also satisfied that the Settlements were reached after arm's length negotiations by capable counsel, and were not a product of fraud, overreaching, or collusion among the parties. *Id.* at 1290.

10.  The second factor, the risks, expense, complexity, and likely duration of further litigation, also supports final approval. Plaintiffs and the Settling Defendants entered into the Settlements before the parties filed motions for summary judgment.  At the time of the Settlements, the outcome of the motions for summary judgment was unknown.  If the case had proceeded to trial, the issues would have been complex and significant. Through the Settlements, the parties reduced the scope of the ongoing litigation and lessened the expense and burden of summary judgment and trial.

11.  The third factor, the extent of discovery completed and the stage of the proceedings, supports final approval. In litigating this action, Plaintiffs have relied on much of the discovery taken in the related case of *In re High-Tech.* Between the discovery completed in *High-Tech* and the discovery taken in the instant case, at the time of settlement the record was substantially developed and both sides had a clear view of the risks of continuing litigation. Specifically, in the instant case, at the time of settlement Plaintiffs had drafted and responded to requests for production and interrogatories, reviewed thousands of plaintiffs' documents for responsiveness and privilege, reviewed defendants' voluminous document productions (almost 350,000 documents), taken nearly 25 depositions, and defended five depositions. Plaintiffs also served a merits expert report from Dr. Orley Ashenfelter, and a second merits expert report from Dr. Barry Gerhart, a preeminent scholar in the fields of compensation design and human resources management. *See id.* Plaintiffs also litigated two motions to dismiss, a motion to compel arbitration and stay proceedings, and a motion for class certification. The discovery process at the time of the Settlements was thorough.

12. The fourth factor, the experience and views of counsel, also supports final approval. Both Plaintiffs and the settling Defendants are represented by competent, experienced, and sophisticated counsel, all of whom favor settlement. Moreover, the Settlements were negotiated for months at arms' length, and the Disney Settlement followed a mediation with the Honorable Judge Layn Phillips (ret.). *See id.* ¶4.

13. The fifth factor, the presence of a governmental participant, is irrelevant because there is no governmental participant in this action.

14. The sixth factor, the reaction of the class members to the proposed settlements, strongly supports final approval. Out of more than 10,000 class members, only five class members have opted out of the Settlements, two class members have objected to the Settlements, and two non-class members have objected.

15. Five of the six factors that the Ninth Circuit has outlined favor final approval in this case, and the sixth factor is irrelevant. Therefore, the Court finds the Settlement Agreements are fair, adequate, and reasonable in light of these factors. The Court further finds that the Settlement Agreements are in the best interests of the Settlement Class, and that notice thereof comports in all respects with the Federal Rules of Civil Procedure and due process. The Court further finds that the Settlement Agreements are the result of arm's-length negotiations between experienced counsel representing the interests of the Class and the defendants. Accordingly, the Settlements embodied in the Settlement Agreements are hereby approved in all respects and shall be consummated in accordance with their terms and provisions.

## V.  CLASS CERTIFICATION

16. The Court has already certified the following litigation class:[1]
> All animation and visual effects employees employed by defendants in the United States who held any of the jobs listed in Ashenfelter Reply Report Amended Appendix C during the following time periods: Pixar (2004–2010), Lucasfilm Ltd., LLC (2004–2010),

---

[1] *See Nitsch v. Dreamworks Animation SKG Inc.*, 315 F.R.D. 270, 317 (N.D. Cal. 2016).

DreamWorks Animation SKG, Inc. (2004–2010), The Walt Disney Company (2004–2010), Sony Pictures Animation, Inc. and Sony Pictures Imageworks, Inc. (2004–2010), Blue Sky Studios, Inc. (2005–2010) and Two Pic MC LLC f/k/a ImageMovers Digital LLC (2007–2010). Excluded from the Class are senior executives, members of the board of directors, and persons employed to perform office operations or administrative tasks.

## VI.   PLAN OF ALLOCATION

17.   The Plan of Allocation is fair, reasonable, and adequate. It will provide each Class member with a fractional share based upon each Class members' total compensation received during the conspiracy period. In addition, there will be no reversion of funds back to DreamWorks or the Disney Defendants. Plaintiffs are directed to cause the Settlement Funds to be distributed in accordance with the Plan of Allocation as soon as practicable after this Final Judgment becomes final.

## VII.   NO ADMISSION OF LIABILITY

18.   Neither this Final Judgment nor the Settlement Agreements shall be used or construed by any person as an admission of liability by DreamWorks or the Disney Defendants to any party or person, or be deemed evidence of any violation of any statute or law or admission of any liability or wrongdoing by DreamWorks or the Disney Defendants, or be deemed evidence of the truth of any of the claims or allegations contained in the Second Consolidated Amended Class Action Complaint ("SAC").  Neither this Final Judgment nor the Settlement Agreement shall be offered in evidence or used for any other purpose in this or any other matter or proceeding other than as may be necessary to consummate or enforce the Settlement Agreements or the terms of this Final Judgment or by DreamWorks or the Disney Defendants in connection with any action asserting Released Claims.

## VIII.   DISMISSAL OF ACTIONS AND RELEASE

19.   Upon the Effective Date, and subject to the provisions of Section X of this Final Judgment, the Plaintiffs' and the Class's claims in the SAC are dismissed as against DreamWorks or the Disney Defendants with prejudice, with each side to bear its own costs and attorneys' fees except as provided by the Settlements and this Court's Orders. Class members who did not file with the Court valid and timely requests for exclusion from the Settlement Agreements are barred from further prosecution of the Released Claims, and the Released Parties are released and forever discharged from liability for the Released Claims. Individuals who filed valid and timely requests for exclusion from the Settlement Agreements are listed in Exhibit C to the Jue Declaration.

20.   This Court finds, and the parties agree, that the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

## IX.   FINALITY OF JUDGMENT

21.   This Court finds that this Final Judgment adjudicates all the claims, rights, and liabilities of the Parties, and is final and shall be immediately appealable.

## X.   RETENTION OF JURISDICTION

22.   Without affecting the finality of this Final Judgment, the Court retains jurisdiction for the purpose of enforcing the terms of the Settlement Agreements and enabling any party hereto to apply for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, the modification of any of the provisions hereto to the extent such modification is permitted, and to remedy a violation of any of the provisions contained herein. This Court shall have the authority to specifically enforce the provisions of this Final Judgment.

## XI.   ENTRY OF FINAL JUDGMENT

23.   This Court finds, pursuant to Federal Rules of Civil Procedure 54(a) and (b), that this Final

1   Judgment should be entered and that there is no just reason for delay in the entry of this Final

2   Judgment.  Accordingly, the Clerk is hereby directed to enter Judgment immediately pursuant to

3   Federal Rules of Civil Procedure 54.

6   **IT IS SO ORDERED.**

8   Dated: June 5, 2017

    _____
    LUCY H. KOH
    United States District Judge